Citation Nr: 1456944 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 07-21 350 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Service connection for hypertrophic cardiomyopathy with old myocardial infarction and pacemaker implants (a heart disability) for purposes of accrued benefits.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Appellant


 
ATTORNEY FOR THE BOARD

J. Ragheb, Associate Counsel


INTRODUCTION

The Veteran had active service from June 1971 to May 1972. The appellant is the Veteran's surviving spouse.

This matter comes before the Board of Veterans Appeals (Board) on appeal from a June 2006 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. During the pendency of this appeal, the Veteran died in May 2010. In August 2013, the RO found that the appellant, as the Veteran's surviving spouse, was eligible to substitute for the Veteran, and the appeal has been returned to the Board.

In April 2014, the appellant testified at a hearing before the undersigned Veterans Law Judge (VLJ), which took place at the RO. The hearing transcript has been associated with the claims file. 

In May 2014, the Board remanded this case to the Agency of Original Jurisdiction (AOJ) for a VA medical opinion. The case has been returned to the Board for appellate consideration. Further discussion of AOJ compliance with the May 2014 Board remand directives is included in the Remand section below. See Stegall v. West, 11 Vet. App. 268 (1998). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The record includes evidence that the Veteran's heart disability may have been congenital and, therefore, may have preexisted service. However, a preexisting heart condition was not noted upon entry into service. As such, the presumption of soundness attaches and the burden falls upon VA to rebut the presumption of soundness by showing clear and unmistakable evidence of both a preexisting condition and a lack of in-service aggravation. 

Therefore, in May 2014, the Board remanded the case for a VA opinion to address the questions of whether the Veteran's heart disability clearly and unmistakably preexisted service and, if so, whether a preexisting heart disability was clearly and unmistakably not aggravated by the Veteran's military service. See 38 U.S.C.A. 
§ 1111 (West 2014); 38 C.F.R. § 3.304 (2014). If the heart disability was not found to have clearly and unmistakably pre-existed service, the examiner was requested to express an opinion as to whether the heart disability had its origin in service or is otherwise related to active service.

In compliance with the May 2014 Board remand directives, the AOJ obtained a VA medical opinion in June 2014 in which the VA examiner opined that it is less likely as not that hypertrophic cardiomyopathy pre-existed service because there is no medical treatment records or evidence to substantiate a pre-existing heart disability. Accordingly, the Board finds that VA did not meet the burden of rebutting the presumption of soundness by showing clear and unmistakable evidence that the heart disability pre-existed service and the Veteran is presumed sound upon service entrance. 

As such, the June 2014 VA examiner was requested to provide an opinion as to whether the heart disability had its origin in service or is otherwise related to service. However, the June 2014 VA examiner only opined that it is less likely as not that hypertrophic cardiomyopathy was aggravated beyond its natural progression by an in-service event, injury, or illness. The June 2014 VA examiner did not provide an opinion as to whether the heart disability had its origin in service or is otherwise related to service.

A Board remand confers upon an appellant the right to compliance with that order. Stegall, 11 Vet. App. at 271; D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that there must be substantial compliance with the terms of a Court or Board remand). Additionally, when VA undertakes to provide a Veteran with an examination, that examination must be adequate for VA purposes. Barr v. Nicholson, 21 Vet. App. 303 (2007). Given the foregoing, the Board finds that the June 2014 VA opinion does not substantially comply with the May 2014 Board remand order in that it did not provide an opinion as to whether the heart disability had its origin in service or is otherwise related to service. Therefore, an addendum opinion is required to address the remaining question regarding the etiology of the heart disability on appeal.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Arrange for the claims file to be reviewed by the June 2014 VA examiner, if possible, and request an opinion as to the etiology of the Veteran's heart disability.

a. The examiner is requested to express an opinion as to whether it is more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of 50 percent), or less likely than not (i.e., probability less than 50 percent) that the heart disability had its origin in service or is otherwise related to the Veteran's active service. 

The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a certain conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it.

The examiner should provide a rationale for all opinions given with reference to the evidence of record. Citation to medical authority/treatise would be helpful.

2. Thereafter, the claim for service connection on appeal should be readjudicated. If the benefit sought on appeal is not granted, the appellant and her representative should be provided with a supplemental statement of the case (SSOC) and afforded the appropriate time period within which to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).